## HENRIETTA W. SANDERS *vs.* MERLE MIDDLETON.

Hancock. . Opinion December 9, 1914.

*Collateral Agreements. Contract. Evidence to Vary Terms of Contract. Land-
lord and Tenant. Lease. Offset for Repairs. Rent. Written Contract.*

Action to recover rent due under the terms of a written lease, in which the defend-
ant claimed set-off for repairs done by himself and for which he says allow-
ance should be made by virtue of an independent, oral agreement made at the
time the written lease was made. The existence of such agreement was denied
by the plaintiff.

*Held:*

1. The general rule is that parol evidence cannot be received to contradict or
vary the terms of a written contract; that when an agreement is reduced to
writing it must be considered as expressing the ultimate intention of the parties,
and, in the absence of fraud, parol evidence may not be admitted to alter or
modify the terms or legal effect of the written contract.

2. While there are exceptions to this rule which permit parol evidence of engage-
ments collateral to, or independent of the provisions expressed in the written
contract, and not within its terms, although made at the same time, yet the
existence of such engagements must be supported by evidence of sufficient
weight to produce a strong impression of its verity.

3. The doctrine of independent, collateral agreements, as expressed in *Neal* v.
*Flint*, 88 Maine, 72, is not to be extended beyond its legitimate sphere.

4. Under the evidence introduced to support the existence of the independent,
collateral agreement claimed by the defendant the verdict for plaintiff was
properly ordered.

On exceptions by defendant. Exceptions overruled.

This is an action to recover $1375 for use and occupation of a
cottage known as "Homewood" situated in the village of Bar Harbor,
in the town of Eden, in Hancock County, under a lease dated Decem-
ber 30, 1908. By agreement, defendant filed in set-off a bill of
$413.55 for outside painting; and the plaintiff plead the Statute of
Frauds in answer thereto. Plea, the general issue. At the con-
clusion of the evidence, upon motion of the plaintiff, the Justice
presiding ordered a verdict for the plaintiff; and the defendant

excepted to said order.    In said exceptions, it was stipulated and agreed that if the order directing a verdict for plaintiff be sustained, judgment for plaintiff shall follow for the amount of $1430 debt, and that if such order be not sustained, judgment for plaintiff shall follow for such amount as the Court may determine.

The case is stated in the opinion.

*Deasy & Lyman,* for plaintiff.

*Hale & Hamlin,* for defendant.

SITTING:   CORNISH, J., BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.    This is an action to recover rent for use and occupation of certain real estate which began under a lease and continued by virtue of a provision in the lease for option of renewing the same for a term of three years from the expiration of the lease term.    The occupancy and the non-payment of the rental sued for are both admitted by the defendant, but he claims that he should be allowed an offset for outside repairs done by him in accordance with an oral agreement which he says was entered into between himself and the plaintiff.

The lease under which this tenancy began was executed December 30, 1908.    The defendant had occupied the same premises under prior leases, and he says that in November or December prior to the execution of the last lease he talked with plaintiff regarding a new lease, and that he said to her, "We have always agreed upon this point, that you pay for the work done on the outside, and I pay for the work done on the inside, and taking care of the grounds.    Is there any reason why we should not renew the lease?"    To this he says the plaintiff replied "No, and I will have Mr. D—attend to it and forward me the lease."    On the other hand the plaintiff deposes, "I have never given any authority to Mr. Middleton or his representatives during this 1908 lease to make any repairs although I paid several small bills which Mr. Middleton sent me for repairs."

Subject to objection on the part of the plaintiff the defendant was allowed to testify as above under the claim that the oral agreement thus made was "a distinct, collateral agreement not inconsistent with the terms of the written stipulations of the parties and constituting in part the consideration of the written agreement."    This claim the defendant stoutly maintains, and urges that his authority for it

is to be found in *Neal* v. *Flint*, 88 Maine, 72, wherein our Court has said; "The general rule is that parol evidence cannot be received to contradict or vary the terms of a written contract, and that when an agreement is reduced to writing it must be considered as expressing the ultimate intention of the parties to it, and therefore, in the absence of fraud, parol evidence is not admitted to alter or modify the terms or legal effect of it. The parties having reduced their contract to writing, their rights must be governed by and depend upon its terms as therein expressed, irrespective of parol evidence of what was intended, or what took place previous to or at the time of making the contract. But there are exceptions to this general rule which permit parol evidence of engagements collateral to, or independent of, the provisions expressed in the written agreement and not within its terms, although made at the same time and affecting the rights of the parties in relation to the subject matter of the writing. In such it is deemed only partially reduced to writing, and the collateral undertaking or stipulation exists in parol."

The defendant urges that his claim falls within the rule of such exceptions.

It may be proper to call attention to the fact that the opinion in *Neal* v. *Flint*, supra, was given by a divided Court. It may also be proper to add that in *Burnham* v. *Austin*, 105 Maine, 196, our Court has said, "we are not inclined to extend the doctrine of independent, collateral agreements, as expressed in *Neal* v. *Flint*, 88 Maine, 72, beyond its legitimate sphere."

While not repudiating this doctrine as to independent, collateral agreements, we are of opinion that the defendant's claim is not safely within that doctrine.

The lease contains the stipulation that "the lessor agrees hereby that the lessee shall have the option of renewing this lease for a term of three years from the expiration of the term hereby granted upon the same terms and conditions as contained herein." While the lease of 1908, the one in question, was not renewed in writing, at its expiration, yet the lessee continued to occupy after its expiration in the same way as before, and under this subsequent occupancy the rental accrued for which this suit is brought. When a tenant remains after the termination of the lease his so remaining is an election to continue the tenancy, *Holley* v. *Young*, 66 Maine, 520, and since the lease in this case stipulates that the renewal of the

term is to be "upon the same terms and conditions" as those contained in the lease, it follows that the lease also prescribes the "terms and conditions" of the subsequent occupancy.

The lease expressly provides that the lessee shall deliver the premises to the lessor, at the end of the term, "in as good order and condition (reasonable use and wearing thereof, or inevitable accident excepted) as the same are, or may be put into by the said lessor." Such a contract as the defendant claims cannot be said to be collateral to or independent of the lease, which contains the express provision just quoted from the lease, much less can it be said to be "not in conflict with the written agreement." It is to be noted also that the lease carefully provides for repairs in case of partial or total loss of the property by fire. This is strong evidence to disprove the doctrine that the "original contract was verbal and entire and a part only of it was reduced to writing," *Neal* v. *Flint*, supra. Could it be safely assumed that when parties so carefully provided for certain important elements of the contract they omitted the equally important element now claimed by the defendant. To support such a claim as that made by the defendant the evidence should be of sufficient weight to produce a strong impression of its verity, to say the least.

It is the opinion of the Court that the verdict for the plaintiff was properly ordered.

*Exceptions overruled.*